**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATHEW TYLER,<br><br>                    Plaintiff,<br><br>          v.<br><br>118TH US CONGRESS, et al.,<br><br>                    Defendants. | No. 2:25-CV-0404-DAD-DMC<br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion for reasonable accommodations, including a request to appoint counsel, file electronically, and assistance with service of process, ECF No. 14, and motion to disqualify the undersigned, ECF No. 13.

**I. MOTION FOR REASONABLE ACCOMMODATIONS**

Plaintiff requests a number of accommodations, discussed in detail below, "pursuant to the Americans with Disabilities Act and Section 504 of the Rehabilitation Act." ECF No. 14, pg. 1. Plaintiff contends he is "a qualified individual with a disability as defined" by those acts, "a crime victim as defined under federal law (18 U.S.C.§3771, 34 U.S.C. §2014(e)(2)) and state law (California Constitution Article 1 §28)." Id. at 2.

///

1

### A.  **Appointment of Counsel**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent plaintiffs in civil actions. See e.g. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the Court does not at this time find the required exceptional circumstances.

Plaintiff's request for the appointment of counsel is contained at page 5 of Plaintiff's motion for reasonable accommodations. See ECF No. 14, pg. 5. Plaintiff does not include with this request any showing of exceptional circumstances aside from a general assertion[1] that such appointment is necessary "under the ADA and Section 504 to ensure Plaintiff's meaningful access to the courts." Id. Filing the original complaint and subsequent motions demonstrates to the Court that Plaintiff is able to meaningfully access the court to the extent necessary to pursue this action. Plaintiff's current motion does not allege any facts to indicate otherwise. Plaintiff's motion will be denied.

### B.  **Electronic Filing**

Pursuant to Eastern District of California Local Rule 133(b)(2), parties appearing pro se, like Petitioner, must file documents in paper. Pro se litigants may request an exception to be permitted to access the electronic filing. See Local Rule 133(b)(3). Plaintiff has not provided any explanation as to why receiving and filing documents in paper is insufficient. Therefore, Plaintiff's motion to file electronically will be denied.

///

///

///

---

[1] Additionally, Plaintiff cites a case from the D.C. District Court, Lane v. Pena, 867 F. Supp. 1050, 1059 (D.D.C. 1994), in support of his argument. See ECF No. 14, pgs. 5-6. This case law is inapplicable for two reasons: first, such case law would not be binding on this Court and second, while the case Plaintiff cited does discuss Section 504, it does not address the appointment of counsel as Plaintiff asserts.

2

      **C.**    <u>**Service of Process**</u>

The Court previously granted Plaintiff's motion for IFP. <u>See</u> ECF No. 8. As stated in that order, Plaintiff's complaint, and service thereof by the United States Marshal if appropriate, will be addressed separately.

      **D.**    <u>**Additional Requests for Accommodations**</u>

Plaintiff's additional requests for access to ADA parking in secure parking areas, a change of venue, scheduling accommodations, permission to take breaks, and other reasonable accommodations, ECF No. 14, may be addressed separately. In part to accommodate Plaintiff's requests, the Court will conduct the upcoming motion to dismiss hearing via Zoom.

## II. MOTION FOR DISQUALIFICATION

      **A.**    <u>**Plaintiff's Position**</u>

Plaintiff asserts that the undersigned's "inaction" on this case has violated Plaintiff's due process rights, "rights guaranteed under 18 U.S.C. §3771," and rights under the California Constitution. ECF No. 13, pgs. 5-8. Further, Plaintiff contends that "by failing to enforce Plaintiff's rights and effectively excluding Plaintiff from equal access to judicial services, Judge Cota has potentially violated multiple civil rights statutes." <u>Id.</u> at 8. Plaintiff's motion goes on to list 30 federal and California code sections. <u>Id.</u> at 8-12. According to Plaintiff, he "has sought preliminary injunctive relief in this matter, which Judge Cota has failed to rule upon in a timely manner. More Significantly, Judge Cota has failed to enforce 42 U.S.C. §1987, which authorizes and requires judicial action when rights have been violated under color of law." <u>Id.</u> at 4. Additionally, Plaintiff asserts that he contacted the Court on February 14, 2025, "seeking clarification on Judge Cota's order" and to date Plaintiff has not heard back from the Court. <u>Id.</u> Plaintiff contends that "this lack of responsiveness further demonstrates the Court's pattern of disregard for Plaintiff's rights and proper procedural protections." <u>Id.</u> at 4-5.

/ / /

/ / /

/ / /

|     |     |     |
| --- | --- | --- |
| 1   | B.  | **Procedural Posture** |

Plaintiff filed his original complaint, ECF No. 1, on January 30, 2025. On the same day, Plaintiff filed an application to proceed in forma pauperis, ECF No. 2. The Court granted Plaintiff's motion on February 5, 2025. See ECF No. 8. On March 18, 2025, Plaintiff filed the motion to disqualify the undersigned, ECF No. 13.

|     |     |     |
| --- | --- | --- |
|     | C.  | **Discussion** |

Plaintiff's motion is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the primary case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233. To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34. Recusal is required if such bias "stems from an extrajudicial source and not from a judge's conduct or rulings." King v. United States Dist. Court, 16 F.3d 992, 993 (9th Cir. 1994) (quoting Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir. 1991).

Here, Plaintiff complains that the undersigned's "inaction represents a selective enforcement of the law that prejudices Plaintiff's case." See ECF No. 13. Even if true, Plaintiff's allegations arise from the undersigned's conduct. Plaintiff's current motion does not set forth any facts indicating bias or prejudice from an extrajudicial source which would prevent a fair decision in this case. Thus, Plaintiff's motion will be denied.

///

///

///

4

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel, ECF No. 14, is denied.

2. Plaintiff's request for electronic filing, ECF No. 14, is denied.

3. Motion hearing set for May 7, 2025, will be conducted via Zoom. The Court will provide the parties with connection information separately.

4. Plaintiff's motion to disqualify the undersigned, ECF No. 13, is denied.

5. The Clerk of the Court is directed to terminate ECF Nos. 13 and 14 as pending motions.

Dated: March 24, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE